ON SANCTIONS
PER CURIAM.
Attorney John T. Jenkins, Jr. filed a “Notice of Withdrawal” in this case on December 5, 2014, advising this Court of his immediate withdrawal as Appellant’s legal representative. The Notice was not served on Appellant, and on December 16, 2014, we ordered Mr. Jenkins to file a proper motion to withdraw that complies with Florida Rule of Appellate Procedure 9.440[2] within ten days. The Order was served on Mr. Jenkins via the electronic mail (“e-mail”) address listed on his Notice of Withdrawal. Mr. Jenkins did hot comply. Thus, on January 13, 2015, we issued an order striking the Notice of Withdrawal and ordering Mr. Jenkins to show cause why he should not be sanctioned for failing to comply with this Court’s previous order. He was given ten days to do so. The order was sent to Mr. Jenkins by e-mail and by certified mail, return receipt requested, to the address listed on his “Notice of Withdrawal.” The signed return receipt later forwarded to this Court indicates the order was delivered on January 17, 2015. Nonetheless, Mr. Jenkins failed to respond by the prescribed deadline.
On January 27, 2015, we ordered Mr. Jenkins to appear before this Court on February 12, 2015. That order was also served on him by certified mail and e-mail. After an unsuccessful attempt to serve the Order on February 2, 2015, the post office was able to deliver the Order on February 9, 2015.[3] Mr. Jenkins did not appear at the hearing. Nor did he contact this Court to attempt to reschedule the hearing.
On February 17, 2015, Mr. Jenkins filed a-response to this Court’s December 16, 2014, and January 13, 2015, show cause orders. Among other things, he argued he was not provided sufficient notice of the December 16, 2014, order because it was served on him by e-mail. He argued that due process requires[4] that court orders, rulings, notices of hearing, and the like be *1243 served by regular first-class mail because the internet does not provide a reliable medium for proper legal notice. He also stated that this Court’s January 13, 2015, show cause order should be vacated due to this Court’s perceived failure to properly serve the December 16, 2014, order. He did note that his father, John Jenkins, received this Court’s orders. He also requested that he be allowed to withdraw.
On February 19, 2015, we granted Mr. Jenkins’ request to withdraw, but we found his response insufficient and ordered him to pay sanctions to this Court in the amount of two hundred and fifty dollars, within thirty days. Mr. Jenkins filed a motion for rehearing, arguing once more that this Court impropérly served the December 16, 2014, order. He also explained that he lives in Palm Beach Gardens, and as a result, complying with this Court’s “quite over the top and inappropriate demand” to appear for a hearing would have required a seven-hour car ride. He also claimed that his February 17, 2015, Response to the December 16, 2014, and January 13, 2015, orders was timely. On May 29, 2015, we denied Mr. Jenkins’ motion for rehearing, citing Rule 2.516(h)(1) as well as this Court’s Administrative Order No. AO5D13-05.
On June 2, 2015, the Clerk of this Court issued an order advising Attorney Jenkins that he needed to comply with our sanctions order. To date, no sanctions have been paid. On July 28, 2015, we issued an order requiring Mr. Jenkins to appear before this Court on October 20, 2015, and show cause why he should not be further sanctioned. The order was served on Mr. Jenkins by e-mail. Furthermore, this Court attempted to serve Attorney Jenkins by personal service. The Marshal of the Fourth District Court of Appeal, Daniel DiGiacomo, was' appointed by this Court to make personal service. ■ Marshal DiGiacomo went to the address we have on file for Mr. Jenkins but found that it was not an office. Rather, it was his parents’ place of residence. The Marshal spoke to Mr. Jenkins’ father, who-was unaware of Mr. Jenkins’ whereabouts, and left his contact information. To date, Mr. Jenkins has not contacted Marshal DiGiacomo. The Marshal of this Court also attempted to contact Mr. Jenkins or find an alternative address for him, but to no avail. Mr. Jenkins did not appear for the October 20, 2015, hearing. Nor has he paid' the sanctions. We find it a ’grievable offense that an attorney appearing before a court does not have a reliable address. See R. Regulating Fla. Bar 4-1.3 (“A lawyer shall act with reasonable diligence and promptness in representing a client.”).
By copy of this Order, the Florida Bar is requested to investigate Attorney John T. Jenkins, Jr. for his apparent violations of the Rules of Professional Conduct and to provide a report to this Court.
We reserve jurisdiction to rule on the sanctions matter, which will be held in abeyance pending receipt of the Florida Bar’s report.
SAWAYA, BERGER and WALLIS, JJ., concur.

. Florida Rule of Appellate Procedure 9.440(b) provides:
(b) Withdrawal of Attorneys. An attorney shall not be permitted to withdraw unless the withdrawal is approved by thé court. The attorney shall file a motion for that purpose stating thfe reasons for withdrawal and the client’s address. A copy of the motion shall be served on the client and adverse parties.

. The signed return receipt was forwarded to this Court. '

.Florida Rule of Judicial Administration 2.516(h)(1) provides that the court "may serve any order or judgment by e-mail to all attorneys who have not been excused from e-mail service." This Court’s Administrative Order No. AO5D13-05, dated May 1, 2013, provides that effective May 1, 2013, “service by the Court of all letters, orders, opinions, and mandates will be by e-mail only except to self-represented parties who are not registered and attorneys who have requested and obtained a hardship waiver from the court.” See Administrative Order Re: E-Filing by Registered Users of eDCA, Admin. Order No. A05D13-05 (Fla. 5th DCA May 1, 2013) (available from the Clerk of Court and on the Court’s website).